Mackenzie KRUVANT, a minor, by her parents J. Kenneth and Kathy Kruvant, et al., Appellants,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, and Alfreda W. Masie, Interim Superintendent, District of Columbia Public Schools, Appellees.

No. 03–7087.

United States Court of Appeals, District of Columbia Circuit.

May 24, 2004.

Michael Jeffrey Eig, Haylie Michelle Iseman, Michael J. Eig & Associates, Chevy Chase, MD, for Plaintiffs–Appellants.

Edward Eugene Schwab, Assistant Corporation Counsel, Mary T. Connelly, Robert James Spagnoletti, Washington, DC, for Defendants–Appellees.

Before GINSBURG, Chief Judge, and GARLAND and ROBERTS, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the district court's order denying plaintiffs' motion for summary judgment and affirming a hearing officer's determination that Mackenzie Kruvant is not a "child with a disability" under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* (2000) ("IDEA"), be affirmed.

A "child with a disability" is a child (1) with one of various listed disorders or "specific learning disabilities," (2) who "by reason thereof, needs special education and related services." 20 U.S.C. § 1401(3)(A). "Specific learning disability" means "a disorder in one or more of the basic psychological processes involved in understanding or in using language,

spoken or written, which disorder may manifest itself in imperfect ability to listen, think, speak, read, write, spell, or do mathematical calculations." 20 U.S.C. § 1401(26)(A). "A team may determine that a child has a specific learning disability" if the child (1) "does not achieve commensurate with his or her age and ability levels in one or more of the areas listed," and (2) "has a severe discrepancy between achievement and intellectual ability" in one of the listed areas. 34 C.F.R. § 300.541. Under the IDEA, a child with a disability is entitled to receive a special education from her school system.

We conclude that the District of Columbia Public Schools (DCPS) has proven that Mackenzie Kruvant does not have a "specific learning disability," and, accordingly, that the Kruvants are not entitled to reimbursement for the tuition they incurred by reason of their decision to send Mackenzie to a private school. Mackenzie's achievement levels range from low average to superior for a child of her age and intelligence. *See* J.A. 29 (hearing officer review of all evaluations in the record), 148–50 (DCPS psychoeducational evaluation). The hearing officer, relying on testimony from the DCPS psychologist who evaluated Mackenzie, determined that the discrepancy between her achievement scores and intelligence scores was not "severe" because the difference between the scores was less than two standard deviations. When Mackenzie was evaluated, the IDEA, federal regulations, and D.C. regulations did not define "severe discrepancy." It was reasonable for the hearing officer, on the DCPS psychologist's recommendation, to use two standard deviations as the definition. That definition has since been expressly incorporated into the D.C. regulations. *See* 50 D.C.Reg. 1854 (2003).

The Kruvants also contend that, even if Mackenzie does not have a "specific learn-ing disability," she is a "child with a disability" because she suffers from a "health impairment," 20 U.S.C. § 1401(3)(A). The Kruvants did not raise this claim in the administrative proceedings, and the district court was correct in refusing to consider it for the first time on a motion for summary judgment. Finally, although DCPS admits that it failed to satisfy its responsibility to assess Mackenzie for IDEA eligibility within 120 days of her parents' request, the Kruvants have not shown that any harm resulted from that error.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).